IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| LESLIE HELINSKI, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CR 123-041 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner Leslie Helinski filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct her sentence.  The matter is now before the Court for an initial review of Petitioner's motion as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.  For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** the § 2255 motion be **DISMISSED** without prejudice and this civil action be **CLOSED**.

**I.   BACKGROUND**

On June 7, 2023, a grand jury in the Southern District of Georgia indicted Petitioner and five co-defendants on multiple charges related to a conspiracy to possess with intent to distribute and the distribute methamphetamine.  (Doc. no. 1.)  Petitioner pleaded guilty to Count Three of the Indictment, possession with intent to distribute methamphetamine, and her plea agreement included provisions waiving, with limited exceptions, her right to a direct appeal and a collateral attack. (Doc. no. 132, p. 9.)  On August 20, 2024, United States District

Judge J. Randal Hall sentenced Petitioner to 120 months of imprisonment, three years of supervised release, a $1500 fine, and a $100 special assessment. (Doc. nos. 225, 226.)

In keeping with her plea agreement, Petitioner did not file a direct appeal, but on April 29, 2025, the Clerk of Court filed Petitioner's § 2255 motion dated April 23, 2025. (Doc. no. 239.) Although Petitioner used a form motion, she did not, as is required by Rule 2(b)(3) & (5) of the Rules Governing Section 2255 Proceedings for the United States District Courts, complete the entirety of the form by stating the relief requested and signing her motion under penalty of perjury. (See id.) Thus, on May 6, 2025, the Court directed Petitioner to supplement her motion with a statement of the relief requested and an attestation under penalty of perjury that the information submitted is true and correct. (See doc. no. 241.) The Court explained it would conduct the preliminary review of the § 2255 motion as is required by Rule 4 of the Rules Governing Section 2255 Proceedings upon receipt of Petitioner's response. (Id.) Petitioner subsequently filed motions for compassionate release and to delay certain monetary payments owed, (see doc. nos. 242, 243), but she did not respond with a complete § 2255 motion.

Upon review of the initial § 2255 motion, and in light of Petitioner's failure to supplement the motion as directed, the Court was unable to discern the basis for any potential relief, as Petitioner provides no factual basis for any claim, stating only that the laws have changed in some unspecified way. (See doc. no. 239, pp. 1-2.) Accordingly, and in an abundance of caution, on June 4, 2025, the Court afforded Petitioner one final opportunity to amend her original § 2255 motion to provide a factual basis for her claim(s) and identify her requested relief. (See doc. no. 244.) To facilitate the amendment, the Clerk of Court provided Petitioner a blank § 2255 form to complete, and the Court warned Petitioner if she failed to

file an amendment, the original § 2255 motion may be denied for lack of factual foundation. (See id. at 2.) Petitioner failed to respond to the Court's June 4th Order.

## II.   DISCUSSION

The law is well-settled that "[c]onclusory claims, unsupported by facts or argument, cannot entitle a movant to § 2255 relief." Killen v. United States, No. 21-10888-E, 2021 WL 7159181, at *5 (11th Cir. Sept. 8, 2021) (citing Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991)); see also Adams v. United States, No. 19-11068-C, 2019 WL 4643730, at *1 (11th Cir. Aug. 20, 2019) (denying Certificate of Appealability for vague and conclusory ineffective assistance claims where § 2255 petitioner failed to identify how attorneys erred, what could have been done differently, or how any different actions would have impacted outcome of proceedings). Indeed, judges within the Southern District have consistently recognized this principle and routinely denied relief on conclusory claims unsupported by facts. Wheatley v. United States, CR 122-031, 2024 WL 3638460, at *11 (S.D. Ga. Aug. 2, 2024) (collecting cases for proposition conclusory claims lacking any detail do not support relief under § 2255 and are subject to summary dismissal), *adopted by* 2024 WL 4528911, at *1 (S.D. Ga. Oct. 17, 2024) (Hall, J.); United States v. James, CR 416-085, CV 419-026, 2019 WL 1212949, at *2 (S.D. Ga. Feb. 7, 2019) ("[C]onclusory claims – unsupported by any facts or argument of any kind – do not entitle a movant to § 2255 relief." (citation omitted and collecting cases)), *adopted by* 2019 WL 1207942 (S.D. Ga. Mar. 14, 2019) (Moore, J.); Niang v. Gartland, Civ. Act. No. 5:17-cv-76, 2017 WL 4782831, at *2 (S.D. Ga. Aug. 28, 2017) (collecting cases for proposition wholly conclusory and generalized allegations lacking any record support do not require consideration by court, let alone relief), *adopted by* 2017 WL 4782675 (S.D. Ga. Oct. 23, 2017) (Wood, J.); see also Collins v. United States, Civ. Act. No. 609-008, 2009 WL

3

3379071 (S.D. Ga. Oct. 20, 2009) (summarily dismissing placeholder § 2255 motion with four grounds for relief unsupported by any facts and promised factual supplementation never produced) (Edenfield, J.)

Here, Petitioner's original § 2255 motion did not provide any information concerning how any laws related to her conviction had changed, let alone how any such changes impacted her conviction based on her guilty plea. Nor did Petitioner ever request any specific relief. Moreover, Petitioner never responded to any of the multiple opportunities provided to supplement her § 2255 motion. Indeed, given the pending motions for compassionate release and to delay certain monetary payments owed that were filed after the Court's Orders for supplementation, along with the provision in plea agreement in which Petitioner waived her right to seek collateral relief but for ineffective assistance of counsel, it is not entirely clear Petitioner intended to pursue § 2255 relief.

Because of this ambiguity in the record, the Court is unwilling to recommend outright denial of § 2255 relief but instead will recommend dismissal of this case without prejudice so that Petitioner may, if she so chooses in the future, pursue a § 2255 motion that includes the necessary factual support.[1] However, Petitioner should note that if the presiding District Judge adopts this recommendation for dismissal without prejudice, any future petition for a writ of habeas corpus and/or § 2255 motion that she files will be subject to all statutory provisions applicable to

---

[1] This Court and others have approved the practice of dismissing § 2255 actions without prejudice. See, e.g., Cooks v. United States, CV 114-091, doc. no. 10 (S.D. Ga. Oct. 2, 2014); McGee v. United States, CV 111-192, doc. no. 10 (S.D. Ga. Aug. 17, 2012); see also Weeks v. United States, 382 F. App'x 845, 850 (11th Cir. 2010) (*per curiam*) (noting dismissal of § 2255 motion without prejudice).

such actions, including those enacted under the Antiterrorism and Effective Death Penalty Act of 1996. See 28 U.S.C. §§ 2244 & 2255.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** the § 2255 motion be **DISMISSED** without prejudice and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 15th day of July, 2025, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA